Jacob Markowitz, J.
This is a proceeding to invalidate the designating petitions of the respondents as candidates for nomination for public office and for election to party positions in the Tenth Assembly District, Bronx County.
The Board of Elections of the City of New York overruled petitioner’s objections. Petitioner claims that the designating petitions are invalid, as the subscribing witnesses on said petitions failed to correctly state the date of their last registration. It is not questioned that while the subscribing witnesses physically registered in either 1957 or 1958, in each instance they voted at the 1959 general election. Petitioner claims that 1959 is the proper year to be listed and no other. Thus the question for determination is whether the fact that certain subscribing witnesses on the designating petitions indicated in the appropriate space therefor in their subscribing statements that they were last registered for a general election in the years ‘1 1957 ’ ’ or “ 1958 ” instead of designating “ 1959 ” was so fatal a defect as to invalidate such petitions.
It appears that, among other necessary information required, a subscribing witness must state information with respect to his voting registration substantially as follows: “ I was last registered for the general election in the year......”. (Election Law, § 135, subd. 3.) It has been held that the failure to supply this information is fatal to a petition (Matter of Dorsey v. Cohen, 268 N. Y. 620). It is urged herein that the seemingly erroneous information appearing on the subject petitions is similarly fatal.
*569 The court must recognize, however, that, since the last statutory enactment of the form for designating petitions (L. 1954, ch. 745), permanent personal registration in the City of New York has been adopted, obviating the necessity of registering to vote each year provided the registrant votes with a specified periodic frequency. That a subscribing witness might be confused as to the interpretation of the words “ last registered ” is, therefore, understandable. To some “last registered ” might mean the last time they physically registered with the Board of Elections or local inspectors to vote in general elections, whereas to others “ last registered ” might mean the last time that they were eligible to vote in a general election. Since the information called for is essential in order to challenge the qualifications of the subscribing witness, the latter interpretation is probably the correct one, which is further evidenced by the fact that the Board of Elections in the City of New York annually publishes a list of registered voters entitled to vote in the ensuing election. The list includes all names regardless of when they furnished the essential information to entitle them to exercise the franchise. In any event, it cannot be said that these afore-mentioned misinterpretations are fraudulent or misleading. Given the year a subscribing witness last registered with the Board of Elections, a challenger still has the means of investigating the witness’ qualifications. That additional checking might be necessary to determine whether by periodic voting the registration and party enrollment has been kept alive is not so oppressive a task in the light of these circumstances as to invalidate petitions circulated by persons otherwise admittedly qualified. It is to be noted that the Board of Elections has adopted the practice of accepting either date in recognition of the confusion as to what is intended in the form and of the fact that no one is misled thereby.
In view of the foregoing and in order to avoid confusion resulting from the adoption of permanent personal registration, it would appear that a change in the form of the subscribing witness’ statement by legislative enactment is called for. The application to invalidate the designating petitions on the ground of erroneous designation of year of last registration is, accordingly, denied. The Board of Elections is hereby directed to prepare and print ballots in accordance with the foregoing.