## Fourth Department, September, 1971
## (September 16, 1971)

■ ‾In the Matter of Richard D. Gerrish, Appellant, v. James R. Lawley et al., Constituting the Board of Elections of Erie County, and Dolores Blum, Respondents.— Order unanimously reversed on the law and facts, without costs, and designating petition validated in accordance with the following memorandum: Special Term invalidated 25 of 515 signatures, assigning as its sole reason for so doing that, of the 41 sheets of the designating petitions filed, two of them failed to list the number of the election district where the subscribing witness resided when she registered for the general election of 1970. The effect of this determination reduces the number of signatures below the number of 500 required to permit appellant's name to be placed on the ballot for the primary election as a candidate for the office of Councilman in the Town of Amherst. It clearly appears that the two invalidated sheets contained the election district in which the subscribing witness now resides, her present street address and the address where she resided when she registered in the last general election in 1970. The residence where she then resided and her present address are the same. Under the circumstances here present the invalidation is an exaltation of form over substance. As we stated in *Matter of Molloy* v. *Lawley* (32 A D 2d 175, 179, revd. on other grounds, 25 N Y 2d 814). " The information sought was apparent on the face of the form and the defect could not possibly confuse, hinder, or delay any attempt to ascertain or determine the identity, status and present address of the witness. The defect was not such as mandated invalidation of all of the signatures on each of the several pages. [Citing cases.] " The order should be reversed and respondent Board of Elections directed to place the name of the appellant Gerrish on the ballot for the September 14, 1971 Republican Primary Election for the office of Councilman of the Town of Amherst. (Appeal from order of Erie Special Term, denying motion to validate designating petition.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ. (Order entered Sept. 9, 1971.)