■ In the Matter of JAMES M. DUFFY, Respondent, v. ALBERT T. HAYDUK et al., Constituting the Board of Elections of Westchester County, Respondents, and THOMAS F. KEANE, JR., Appellant.— In a proceeding to validate petitions designating petitioner as a candidate in the Democratic Party Primary Election to be held on June 4, 1973 for nomination for the public office of County Legislator for District 7, Westchester County, the appeal is from a judgment of the Supreme Court, Westchester County, entered May 2, 1973, which sustained the petition in this proceeding and directed that petitioner's name be restored to the ballot. Judgment affirmed, without costs. Upon the argument it was conceded that the subscribing witnesses in both years resided at the same address. Under the circumstances, we find that the failure to set forth the residence in the prior year was not fatal, when considering that the election and assembly districts for such prior year were correctly stated. *Matter of Dorsey* v. *Cohen* (268 N. Y. 620) is not in point. Rabin, P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.

■ In the Matter of STEPHEN MAHLER et al., Appellants, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, and BRUCE L. ROBERTS et al., Respondents.— In a proceeding to invalidate petitions designating respondents Roberts, Cohen, Sortino, Greenidge, Landau, Gressey, Soto and Kirshblum as candidates in the Liberal Party Primary Election to be held on June 4, 1973 for nomination for the respective public offices of Councilman at Large and Councilmen for the 15th, 16th, 17th, 18th, 20th, 21st and 22nd Councilmanic Districts, Queens County, the appeal, as limited by appellants' brief, is by petitioners other than Sheir from so much of a judgment of the Supreme Court, Queens County, entered May 7, 1973, as (1) dismissed the proceeding as to all petitioners except petitioner Sheir, (2) directed a hearing to be held as between the latter and respondent Kirshblum and (3) severed the proceeding insofar as it was brought by petitioner Sheir. Judgment affirmed insofar as appealed from, without costs. No opinion. Rabin, P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.

■ In the Matter of FRANK L. MARTANO et al., Appellants, v. MICHAEL A. VERDI et al., Respondents.— In a proceeding to invalidate petitions designating respondent Michael A. Verdi as a candidate in the Republican Party Primary Election to be held on June 4, 1973 for nomination for the public office of Councilman for the 23rd Councilmanic District, Kings County, the appeal is from a judgment of the Supreme Court, Kings County, entered May 11, 1973, which dismissed the proceeding. Judgment reversed, on the law and the facts, without costs, application granted and petitions designating respondent Michael A. Verdi as such candidate are hereby invalidated. At the end of the testimony offered to invalidate the petition under challenge, the learned Special Term stated: "THE COURT: Vincent Livecchi. 143 signatures. I have held invalid on his petitions 23. He got 143 signatures total. I think there is permeation of fraud on all those sheets. I will knock out all 143 signatures on which Vincent J. Livecchi was the subscribing witness." We hold that the foregoing statement was a correct summary of the facts and the law which established the invalidity of the nominating petition in issue and that the subsequent retraction thereof by the learned Special Term, at the end of rebuttal testimony, designed to uphold the validity of the petitions, was improper. Rabin, P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.