FOURTH DEPARTMENT, SEPTEMBER, 1975

(September 11, 1975)

■ In the Matter of WILLIAM J. WEISS, JR., Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of Erie County, and ANTHONY J. BARONE, Respondents.—Order unanimously reversed insofar as it denied petitioner's application to validate the Republican, Democratic and Conservative petitions and those petitions validated, and otherwise order affirmed, without costs. Memorandum: This is a proceeding to validate petitions designating petitioner as a candidate in the forthcoming Democratic, Republican, Conservative and Liberal Parties' primary elections for nomination to the office of Town Justice of the Town of Evans. Petitioner appeals from the denial of his motion to validate his petitions filed with the Erie County Board of Elections. Special Term confirmed the board's determination regarding the primary designating petitions. Section 135 of the Election Law requires that each page of a designating petition be authenticated and provides two methods of doing so. One method allows authentication by officers authorized to take affidavits (i.e., notaries public) (Election Law, § 135, subd 2); the other allows authentication by subscribing witnesses (Election Law, § 135, subd 3). The omission of the date on which an authenticating witness statement was signed (as required by Election Law, § 135) is fatal to the validity of any petition so authenticated. *(Byrnes v Board of Elections of County of Nassau,* 134 NYS2d 257, affd 284 App Div 847, affd 307 NY 816.) The significance of this date was held to stem from the fact that all signatures on the petition which were dated *after* the authenticating statement would be void (p 261). The *Byrnes* rationale for upholding the importance of the separate dating of a witness statement is equally applicable to situations where petitions are authenticated by notaries public. Since a separate dating of the jurat is now required by statute (Election Law, § 135), the omission of this date on any petition authenticated by an officer authorized to take affidavits renders the petition invalid for lack of substantial compliance with section 135 of the Election Law. Thus, Special Term was correct in confirming respondent board's determination of invalidity with regard to the signatures sought to be authenticated by the undated jurats. As an alternative to authentication by an officer authorized to take affidavits, the statute provides that a statement may be signed by a witness who is a duly qualified voter of the same political party as the voters qualified to sign the petition and who is also a resident of the same political unit in which the office or position is to be voted for (Election Law, § 135, subd 3). The statute prescribes the form of such statement and requires that it be substantially followed. *(Id.)* This form requires that the subscribing witness enter the residence address and election district in which he now lives and the same information for the year of the last general election. Here the subscribing witnesses failed to fill in the blanks with respect to the year of the last general election, although it is stipulated by the parties that this residence information is identical to the subscribing witnesses' present residence information which was properly recorded. In interpreting section 135 of the Election Law, the Court of Appeals stated

that, "In the absence of allegations of fraud substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance" *(Matter of Rosen v McNab,* 25 NY2d 798, 799, revg 32 AD2d 799). We have repeatedly held that where the information sought is apparent on the face of the form and the defect cannot possibly confuse, hinder or delay any attempt to ascertain or to determine the identity, status and address of the witnesses, the defect is not such as to mandate invalidation of all signatures on each of the several pages *(Matter of Gerrish v Lawley,* 37 AD2d 791; *Matter of Molloy v Lawley,* 32 AD2d 175, 179, revd on other grounds 25 NY2d 814). The cases cited by respondents are inappropriate in that they all involved the entry of erroneous information *(Matter of Maurin v Allis,* 28 AD2d 810, affd 20 NY2d 671; *Matter of Ashley v Lomenzo,* 39 AD2d 977). The 1935 case of *Matter of Dorsey v Cohen* (268 NY 620), although supporting respondents' contention of strict compliance, appears to have been effectively overruled by recent cases *(Matter of Duffy v Hayduk,* 41 AD2d 944; *Matter of Gerrish v Lawley, supra; Matter of Lyman v Lawley, 37 AD2d 791; Matter of Molloy v Lawley, supra).* Moreover, the present statutory form contains ambiguous language not present in earlier versions, especially that applicable at the time of the *Dorsey* case (compare L 1971, ch 424 with L 1935, ch 955). Therefore, we find the statements of the subscribing witnesses to be in substantial compliance with the form prescribed by statute. Consequently, petitioner has 285 validly authenticated signatures seeking to designate him for the Republican ballot whereas only 163 are required, 526 valid signatures for the Democratic ballot whereas only 152 are necessary, 7 valid signatures for the Conservative ballot whereas 6 are required, but no valid signature for the Liberal ballot. (Appeal from order of Erie Supreme Court, in proceeding to validate designating petitions.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ. (Order entered August 27, 1975.)