# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**834**

**CAE 14-01402**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MICHAEL P. QUINN AND MARK W.
KUMIEGA, PETITIONERS-RESPONDENTS,

V             MEMORANDUM AND ORDER

ERIE COUNTY BOARD OF ELECTIONS, DENNIS E. WARD
AND RALPH MOHR, AS COMMISSIONERS, ERIE COUNTY
BOARD OF ELECTIONS, RESPONDENTS-APPELLANTS,
ET AL., RESPONDENT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

JAMES OSTROWSKI, BUFFALO, FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered August 11, 2014 in a proceeding
pursuant to Election Law article 16. The order granted the petition
to validate a joint designating petition and directed that petitioners
be placed on the primary election ballot.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Petitioners commenced this proceeding seeking to
validate their joint designating petition for the position of Erie
County Democratic Committee Member, Town of Hamburg, District 11. We
conclude that Supreme Court erred in granting the petition, and we
therefore reverse the order and dismiss the petition. "Election Law §
6-132 (2) requires that each sheet of a designating petition must
contain a statement of a subscribing witness which shall be dated and
signed by the witness. The date is a matter of prescribed content and
therefore strict compliance is required" (*Matter of MacKay v Cochran*,
264 AD2d 699, 699-700). Here, it is undisputed that the date of the
subscribing witness's authenticating statement on the first sheet of
the designating petition is June 7, 2014, i.e., 18 days before the
June 25, 2014 date of the signatures collected on that first sheet.
It is also undisputed that without the signatures on that first sheet,
the designating petition does not contain the requisite number of
signatures. Because "all signatures on the petition which [a]re dated
*after* the authenticating statement [are] void" (*Matter of Weiss v
Mahoney*, 49 AD2d 796, 796; *see Matter of Byrnes v Board of Elections
of the County of Nassau*, 134 NYS2d 257, 261, *affd* 284 App Div 847,

*affd* 307 NY 816), the signatures on the first sheet of the designating petition are void, and respondent Erie County Board of Elections therefore properly rejected the designating petition. Although petitioners could have filed petitioner Mark W. Kumiega's affidavit attesting to his purported mistake on or before the last day provided by law for filing a designating petition, they failed to do so, and Kumiega's affidavit, which accompanied the petition, was therefore "not properly cognizable" by the court (*Matter of Sortino v Chiavaroli*, 59 AD2d 644, 644, *affd* 42 NY2d 982).

Entered: August 20, 2014                         Frances E. Cafarell
                                                 Clerk of the Court